## George Kizer et al. v. James Walden.

96     593
a198s  274

1. Gambling—*Recovery of Money Lost at.*—The statute (Sec. 132, Ch. 38, Hurd's R. S. 1899, 591) provides that money lost at gambling, at any time or sitting, amounting in the whole to the sum of ten dollars or over, may be recovered by the loser from the winner, and in case he does not sue within six months, any person may do so, and recover treble the value of the loss; one-half to the use of the county and the other to the person suing.

2. Instructions—*As to Damages in Actions to Recover Money Lost at Gambling.*—In an action to recover money lost at gambling, where the loser fails to sue and the suit is brought by another person, and the evidence fully establishes the guilt of the winner, instructions to find the issues for the plaintiff and to assess his damages at three times the total amount of the losses of the loser to the winner in sums equal to, or exceeding in amount, the sum of ten dollars at each time or sitting, as

the same may be proven by the evidence, are proper, and are not waived because the plaintiff requested the court to give other instructions upon the merits of the case.

3. EVIDENCE—*Checks for the Purpose of Corroborating a Witness.*— In an action to recover money lost at gambling, where the loser testifies that he obtained some of the money lost by drawing, at the time, checks upon banks in which he then had money, and produced and identified the checks, such checks are admissible in evidence as tending to corroborate the witness to the extent of showing that he had money at the time to gamble with.

4. PRACTICE—*Giving Instructions Without Notice to the Opposite Party.*—A court ought not to give instructions to a jury, where they return into court for that purpose, after they have retired to consider the case, without notice to the opposite party or to his attorney; but where the opposite party has not been prejudiced, such action is not reversible error.

**Special Action on the Case,** for money lost at gambling. Appeal from the City Court of Mattoon; the Hon. JAMES F. HUGHES, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

CRAIG & KINZEL, attorneys for appellants.

ANDREWS & VAUSE, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was a special action on the case in which appellee recovered in the City Court of Mattoon, a verdict and judgment against appellants for $720. Appellants preserved the necessary exceptions to urge a reversal of the judgment, and have brought the case to this court by appeal, claiming that the court admitted improper evidence and improperly refused to permit Frank Walden, a witness for appellee, to answer proper questions propounded to him on cross-examination; that the court gave improper and refused proper instructions, and, without notice to appellants, improperly gave the jury an instruction after they had partially considered the case; and that the judgment rendered is erroneous.

The declaration shows that the action was brought to recover treble the amount claimed to have been lost by appellee's brother, Frank Walden, to appellants in certain

games of chance; and was based upon the provisions of section 132 of the Criminal Code, which provides that money or other valuable things so lost " at any time or sitting," amounting in the whole to the sum of $10 or over, may be recovered by the loser from the winner, and in case the loser shall not sue within six months, it shall be lawful for any person to sue and recover treble the value thereof; one-half to the use of the county, and the other to the person suing.

Appellants pleaded not guilty, and the case was tried by jury, resulting in a verdict and judgment in favor of appellee for $720. Appellants prayed for and were allowed an appeal to this court from the judgment, and after they had perfected the appeal, appellee, with notice to appellants, procured an order of the City Court directing its clerk to correct the judgment so as to show that one-half the judgment was for the use of appellee, and the other for the use of Coles county.

Counsel for appellants, neither in their printed briefs filed in this court, nor in their oral arguments made here, have contended that the evidence did not fully establish the guilt of appellants as claimed in the declaration, or that the damages assessed are excessive under the evidence; hence we ought not to reverse the judgment unless the record shows that appellants have been prejudiced by the rulings of the court in the respects claimed, or the judgment entered when appealed from was prejudicial to appellants, because it then failed to provide that one-half was for the use of appellee, and the other for Coles county.

On the trial, Frank Walden, the brother of appellee, who is claimed to have lost the money, testified that he obtained certain of the lost money by drawing, at the time, checks upon banks in which he then had money, and he produced and identified such checks, and the court, over the objections of appellants, admitted them in evidence. These checks constitute the improper evidence which it is claimed was improperly admitted.

The checks were properly admitted in evidence because

they tended to corroborate the witness to the extent of showing that he, at the time, had the amount of money to gamble with, as claimed by him.

Upon cross-examination, counsel for appellants, in effect, asked Frank Walden if he did not decline to sue for the money he claimed to have lost, to enable appellee, his brother, to recover three times the amount. But upon objection by appellee, the court refused to allow the witness to answer. Counsel for appellants insist such refusal was prejudicial error, but they have given no reason why appellants were thereby prejudiced, nor do we think they can; for the statute expressly authorizes any one to sue the winner and recover three times the amount lost where the loser fails to sue in six months after the loss, and the winner at gambling can not be heard to question the motive which prompts the one not to sue him for the loss, or the other to sue.

At the close of all the evidence, the court instructed the jury to find the issues for appellee, and to assess his damages at three times the total amount of the losses of the said Frank Walden to appellants, in sums equal to, or exceeding the amount, the sum of $10 at each time or sitting, as the same may be proven by the evidence. And counsel for appellants insist that such peremptory instruction to find for appellee was improper because appellee, having requested the court to give other instructions upon the merits, waived such peremptory instruction.

The record shows that the court refused all the instructions requested by appellee, and as the uncontradicted evidence showed appellants were guilty as charged in the declaration, we are of opinion that the appellants were not prejudiced by the court directing the jury to so find.

And it is also insisted that the instruction improperly told the jury to assess the damages at three times the total amount of the losses in sums equal to or exceeding $10 at each time or sitting, when the declaration averred such losses exceeded $10 at each time or sitting.

While the record shows that the declaration contains the

averment as claimed, yet the jury only assessed the damages at a sum less than three times the amount which the evidence shows such losses amounted to when each exceeded $10 at a time or sitting, we fail to see how appellants were prejudiced by the instruction in that respect.

After the jury had retired to consider the case, they returned into court for further instructions, and the court, on its own motion and without notice to appellants or their counsel, gave them one additional instruction, the form or substance of which is not complained of; but counsel for appellants insist that it was error for the court to then instruct at all, without notice to appellants or their counsel.

The court, without notice to appellants or their counsel, ought not to have given an instruction after they had retired to consider the case, but in the absence of some injury having accrued thereby to appellants (and none appears from the record or is claimed by appellants) we can not see how they have been prejudiced thereby.

The claim of appellants that the judgment entered and as appealed from was erroneous because it failed to be one-half for the use of appellee, and the other for the county of Coles, if well founded, could not avail them anything, because the judgment, even in that form, would bar any other suit against them for the same losses, and it ought not to concern appellants whether appellee gets all of the judgment or only one-half. However, since this appeal was perfected, appellee, upon notice to appellants, has procured the City Court to amend the judgment so that it now is one-half for the use of appellee and the other for the county of Coles, and thereby the error in the judgment of which appellant complains, has been cured. American Preserves Co. v. Bishop, 184 Ill. 68.

Finding no prejudicial error has intervened either in the proceedings or the judgment of the City Court in this case, the latter will be affirmed.